JOSEPH GORMLEY *v.* J. B. ALEXANDER, ET AL.

**Purchase of Real Estate—Relation of Trust and Confidence Between Partners—Commission.**

> Where the secret agent of the vendor agrees with associates to become a co-purchaser, he can derive no peculiar benefit to himself on account of a secret understanding with the seller.

**Trust and Confidence.**

> The relation of trust and confidence existing between co-purchasers, whatever advantage one secures by his agreement with the seller, inures alike to all of them.

**Commissions.**

> A co-purchaser of real estate, notwithstanding the relation of confidence between purchasers, may recover a commission from the seller of such real estate earned before he became associated with the other purchasers.

### APPEAL FROM BULLITT CIRCUIT COURT.

September 12, 1874.

OPINION BY JUDGE COFER:

The question presented by this record is whether Gormley shall, as against his co-purchasers, compel the payment of the full price agreed to be paid. Alexander has no interest in the question, for he is in no event to get more or less that $61,750 for the property.

When Gormley agreed to become one of the purchasers, neither of the others knew, or had the slightest reason to suspect, that he had any interest adverse to them, except what they may have been bound to infer from the fact known to some of them, and therefore presumably to all, that he had been Alexander's agent, and might therefore reasonably be expected to be entitled to ordinary compensation for his services.

The only information they had of the value of the property was what they had gotten from Alexander and Gormley. They say they confided in the latter; and the fact that they bought the property upon his representations alone, furnishes most convincing evidence that it was true.

When he agreed to join the others in the purchase, he became bound, not only to act in good faith with them, but was bound in good conscience not thereafter to make profit out of them in a manner and to an extent of which they were not only ignorant, but of which they could not have had the slightest suspicion. He in

substance bought the property at $65,000 and put it into the joint concern at $100,000. If he had made a secret contract with Alexander for the property at $65,000, and concealing that fact, had conveyed it to his associates at $100,000, retaining an interest, it is clear that he could not have compelled payment, any more than a partner who buys, in his own name, commodities which he puts into the firm, can compel payment at an advance on the actual account.

From the time he agreed to become a co-purchaser he could derive no peculiar or exclusive benefit to himself, on account of a secret understanding with Alexander. When he entered into an agreement to join in the purchase, the sale had not been perfected, and his right to the $25,000, as between himself and Alexander, dates from the execution of the contract of February 23. At that time a relation of trust and confidence existed between himself and his associates, and whatever advantage he secured by his arrangement with Alexander, of which they had no knowledge, inured alike to the benefit of all the associates. This conclusion seems to be sustained alike by principle and authority.

Gormley's right to the five per cent. commission rests upon different grounds. One of his associates, at least, knew he had been Alexander's agent, and as it was his duty to so inform the others, it ought to be assumed that they all knew it, and if they did not, it does not seem to be more than his services were worth, and was not, therefore, profit made by him at the expense of his associates. The services having been rendered before he became associated with appellees, his right to the commission is clear, and the rule which refuses compensation to a partner for services rendered to his firm does not apply.

The judgment of the circuit court conforms to our conclusions, and is, therefore, *affirmed,* on both the original and cross appeal.

*J. T. Bullitt, for appellant.*
*R. H. Field, for appellees.*